# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**JERRY WAYNE BOYD,**

    **Plaintiff,**

**v.**                                                                              **Civil Action No. 5:17-cv-04287**

**CONSOL ISLAND CREEK COAL,** *et al.***,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on November 7, 2017. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On November 7, 2017, Plaintiff, acting *pro se*, filed his Complaint naming the following as Defendants: (1) Consol Island Creek Coal; (2) Consolidation CXN Energy; and (3) Donald A. McGlothlin. (Document No. 2.) In his Complaint, Plaintiff ostensibly alleges breach of fiduciary

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

duties to himself, his family members and "heirs" by Defendants with regard to their interests to land located in or around Buchanan County, Virginia. As an initial matter, the undersigned recognizes that neither Plaintiff nor the named Defendants are citizens of West Virginia, and that based on the numerous Exhibits attached to Plaintiff's Complaint, he has recently filed an appeal to the Virginia Supreme Court from an order dismissing the matter with prejudice by the Circuit Court of Buchanan County, Virginia. (Document No. 2-1.)

## **ANALYSIS**

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must

---

[2] Title 28, U.S.C. §1332 specifically provides:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
 (1) citizens of different states;
 (2) citizens of a State and citizens or subjects of a foreign state . . .;
 (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
 (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions.[3]

Next, the parties named in the Complaint are citizens of different States, but none are citizens or residents of West Virginia as envisioned under diversity jurisdiction pursuant to

---

[3] To the extent Plaintiff is attempting to present a claim under Section 1983, the Court finds his claim to be without merit. The undersigned finds that the Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the *Younger*-abstention doctrine. See *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, plaintiff must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, it appears that the civil proceeding is ongoing as Plaintiff has recently appealed to the Virginia Supreme Court. Second, the pending state civil proceeding clearly involves an important state interest with regard to the parties' interests to real estate in Virginia. Third, it appears that the matter in controversy is on-going and Plaintiff will have an adequate opportunity to present his claims in the Virginia Supreme Court. Furthermore, Plaintiff has failed to allege sufficient facts to establish the applicability of the bad faith exception. In addition, because Plaintiff complains of a state court judgment, the undersigned further finds that the Rooker-Feldman doctrine bars the District Court from reviewing same. *See generally*, *Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006).

Section 1332. Moreover, because none of the parties named in the Complaint are West Virginia citizens or residents, and because the subject matter of this litigation involves title and interest to lands located in Buchanan County, Virginia, which is located in the Western District of Virginia, the undersigned finds that venue is improper in this district pursuant to 28 U.S.C. §§ 1390, 1391(a). Finally, Section 1332 requires that the amount in controversy exceeds $75,000, however Plaintiff has provided no information as to the amount in controversy. Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: November 13, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge